Hay, Judge,
concurring:
it would seem, and indeed is, a work of supererogation to add anything to the very able and exhaustive opinion of the Chief Justice in this case. In his opinion he has discussed clearly and with singular ability every phase of it. Although I am convinced of the soundness of the views therein expressed, I have deemed it not unwise to very briefly express my views on one branch of the case.
The plaintiffs, in these cases, seem to insist that while the Postmaster General was given discretion, under the law, to determine the manner in which their compensation for carrying the mails may be determined, yet that he, having once exercised that discretion, could not change the method so adopted. The above is a bald statement of their contention. The mere statement of it is its refutation.
• It would be monstrous to say that an executive officer, clothed with discretion to do certain things, in exercising the discretion given him, is bound to continue to act in the method first adopted by him, no matter whether that method was equitable or inequitable, proper or improper, just or unjust to the parties affected.
The fact that it was a long-continued usage does not change the principle. If in the course of time, it is discovered that the usage adopted is unjust to one of the parties, surely it will not be denied that the executive officer, exercising the discretion conferred upon him by law, can change the method; certainly this must be so when the change is not made to affect any person with whom a contract is being carried out, but applies only to contracts to be made in the future.
The opinion of the Chief Justice fully discusses and covers all the points of the case and I heartily concur in his conclusions,